**In re James N. CONSTANT**

No. 01–1125.

United States Court of Appeals, Federal Circuit.

May 10, 2001.

Rehearing Denied June 1, 2001.

Before MAYER, Chief Judge, LINN and DYK, Circuit Judges.

PER CURIAM.

James Constant appeals a final decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("Board") affirming an examiner's rejection of all of the pending claims in Constant's patent application as being obvious, under 35 U.S.C. § 103(a), over the cited prior art. *Ex parte Constant,* Paper No. 23 (B.P.A.I. Oct. 19, 2000) (denying request for rehearing); *Ex parte Constant,* Paper No. 21 (B.P.A.I. Aug. 18, 2000) (affirming rejection).

The ultimate determination of whether an invention would have been obvious under 35 U.S.C. § 103(a) is a legal conclusion based on underlying findings of fact. *In re Dembiczak,* 175 F.3d 994, 998, 50 USPQ2d 1614, 1616 (Fed.Cir.1999). We review the Board's ultimate determination of obviousness de novo. *Id.* However, we review the Board's underlying factual findings for substantial evidence. *In re Gartside,* 203 F.3d 1305, 1316, 53 USPQ2d 1769, 1776 (Fed.Cir.2000).

Constant has been a party in a number of cases that have come before this court. Constant opens his appeal with a blanket request for the recusal of any judge involved in one of his earlier cases "on grounds of judicial bias evidenced by making decisions against the appellant." Although Constant asserts that the decisions in these cases violated the Constitution and various statutes, his claim of bias is based on nothing more than a disagreement with those decisions. However, disagreement with an earlier decision does not constitute a ground for recusal in a later case. *See Liteky v. United States,* 510 U.S. 540, 551, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant."); *id.* at 555, 114 S.Ct. 1147 ("[J]udicial rulings [within a trial] alone almost never constitute a valid basis for a bias or partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal."). Constant identifies no other grounds for recusal and we find none. Accordingly, we decline Constant's invitation to recuse without considering whether any member of this panel has heard an earlier case involving Constant.

Turning to the merits, Constant admits that the appealed claims are substantially similar to those of the parent patent (U.S. Patent No. 3,950,635, the '635 patent), differing only by the "placing of all earlier claimed circuits on multiple chips or on a single chip." Despite that admission, Constant argues that using RAM (random access memory) instead of shift registers is another point of novelty. We remind Constant, however, of one of his earlier cases in which this court affirmed the finding that the '635 patent was invalid. *Constant v. Advanced Micro–Devices, Inc.,* 848 F.2d 1560, 7 USPQ2d 1057 (Fed. Cir.1988). In that case, we stated that the Springer reference, which is also asserted in the present case, "suggested using RAMs in place of shift registers," and we specifically discussed Constant's own admission that the Springer reference "taught him to substitute RAMs for shift registers." *Id.* at 1570, 848 F.2d 1560, 7 USPQ2d at 1063–64. The court is no more persuaded in this case than it was before

and looks with disfavor on Constant's reassertion of the same failed argument of novelty of RAMs in the present invention.

We have carefully considered each of Constant's remaining arguments and find no basis on which to reverse the Board. Accordingly, and for the reasons clearly articulated in the Board's opinion, the decision of the Board is *affirmed.*